**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Luther Plemmons and Wanda Sue Clark Plemmons, Appellants,

v.

State Farm Mutual Automobile Insurance Company, Plaza Insurance Company, The Stover Company, Inc., and Howard E. Newton, III, Defendants,

Of Whom State Farm Mutual Automobile Insurance Company is the Respondent.

Appellate Case No. 2013-001454

———————————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-389
Heard October 14, 2014 – Filed November 12, 2014

———————————

**AFFIRMED**

———————————

Duane Alan Lazenby and Ginger D. Goforth, both of Lazenby Law Firm, LLC, and Andrew J. Johnston, of Johnston Law Firm, LLC, all of Spartanburg, for Appellants.

Charles R. Norris, of Nelson Mullins Riley & Scarborough, LLP, of Charleston, for Respondent.

**PER CURIAM:** James Luther Plemmons and Wanda Sue Clark Plemmons appeal the circuit court's grant of State Farm Automobile Insurance Company's motion for summary judgment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (instructing that summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law); *Hite v. Hartford Acc. & Indem. Co.*, 288 S.C. 616, 619, 344 S.E.2d 173, 175 (Ct. App. 1986) ("Although 'use' is unquestionably a broader term than 'operate' or 'drive,' the difficult determination is whether [the] situation of an injury sustained remote to the actual operation of the vehicle is encompassed by the term 'use.'"); *id.* at 621, 344 S.E.2d at 176 ("If the injury was directly caused by some independent or intervening cause wholly disassociated from, independent of or remote from the use of the automobile, the injury cannot be said to arise out of its 'use.'"); *id.* at 621, 344 S.E.2d at 177 ("[T]he key to determining whether injuries remote to the operation of an automobile occur during a 'use' of the vehicle is the existence of a causal connection between the injury and the use.").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**